IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Michael James Meyhoff, ) | |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| City of Minot, et al., ) | Case No. 1:25-cv-178 |
| ) | |
| Defendants. ) | |

Plaintiff is proceed *pro se* and *in forma pauperis*. On August 7, 2025, he filed Motion for Permission to File Electronically. (Doc. No. 6). He requests that the court allow him to access court records using the Public Access to Court Electronic Records ("PACER") database. Additionally, he requests that the court allow him to use CM/ECF, the court's electronic filing system, to upload and file documents directly from his computer to the court's case file. In support of these requests, he advises that he has reliable access to a computer and the Internet, is able to use CM/ECF, and will will comply with all local rules and procedures regarding electrronic filing.. Additionally, he asserts that his ability to electronically file will "improve the efficiency and timeliness of [his] filngs and communications with the Court and opposing counsel."

Plaintiff does not require the court's permission to access PACER. Anyone can access PACER to view federal court records provided that they register for a PACER account. See Frequently Asked Questions, PACER, https://pacer.uscourts.gov/help/ faqs/registration (lasted visited Feb. 13, 2024). There is no fee to register for a PACER account. See Options to Access Records if you Cannot Afford PACER Fees, PACER, https://pacer.uscourts.gov/ my-account-billing/billing /options-access-records-if-you-cannot-afford-pacer-fees. As there is

nothing currently preventing Plaintiff from registering for a PACER account and accessing PACER, his request for PACER access is deemed **MOOT**.

PACER does charge user fees to cover the costs of maintaining the service. Walker v. Shafer, No. 16-CV-5121 (JLV), 2018 WL 813420, at *3 (D.S.D. Feb. 9, 2018); Frequently Asked Questions, PACER, https://pacer.uscourts.gov/help/faqs/top-faqs (last visited Feb. 13, 2025). PACER fees are waived for any user who spends less than $30 in a fiscal quarter. Electronic Public Access Fee Schedule, supra ("No fee is owed for electronic access to court data or audio files via PACER until an account holder accrues charges of more than $30.00 in a quarterly billing cycle."). All court opinions are free. Id.

Courts may relieve a person from paying the PACER charges in instances where the person has "demonstrated that an exemption is necessary in order to avoid unreasonable burdens and to promote public access to information[.]" Electronic Public Access Fee Schedule, supra ("[E]xemptions should be granted as the exception, not the rule."); Walker, 2018 WL 813420, at *3. Here, Plaintiff has failed to establish that exemption is necessary in this case. He does not allege that he has failed to receive notice of any anything filed in his case. Moreover, hHe has successfully filed several documents, including the instant motion, which evinces that he should be able to litigate this case without a waiver. See Hunter v. Bradford, No. 4:14-CV-00613-KGB, 2014 WL 12691604, at *3 (E.D. Ark. Dec. 10, 2014) (finding no waiver necessary when *pro se* plaintiff did not allege that she lacked access to filings and had successfully submitted documents to the court); Lindsay v. Preuss, No. 21-CV-11006 (PAE/KHP), 2023 WL 3998056, at *7 (S.D.N.Y. Apr. 25, 2023) (recommending a finding of no error when bankruptcy judge refused to provide an exemption to party who did not "show why the standard PACER fee exemptions were insufficient."), R&R

adopted, 2023 WL 3996865 (S.D.N.Y. June 14, 2023); see also Button v. Breshears, No. 1:24-CV-03757-MKV, 2025 WL 327926, at *2 (S.D.N.Y. Jan. 29, 2025) ("Even if Plaintiffs had been granted leave to proceed in forma pauperis in this action, that would be insufficient to establish that their PACER fees should be waived. . . . Instead, the party must demonstrate that an exemption beyond the automatic exemptions is necessary ... to avoid unreasonable burdens and to promote public access to information." (internal quotation marks and citation omitted)); Pina v. New York State Gaming Comm'n, No. 24-CV-5383 (LTS), 2024 WL 3565780, at *2 (S.D.N.Y. July 29, 2024) ("A party seeking a discretionary exemption cannot solely rely on his IFP status alone."). The court will now turn to address his request for leave to file electronically through CM/ECF.

It is not axiomatic indigent litigants will be permitted to electronically file documents with the court. Federal Rule of Civil Procedure 5(d)(3)(B) provides in relevant part that a "[a] person not represented by an attorney . . . may file electronically only if allowed by court order or by local rule." Fed. R. Civ. P. 5(d)(3)(B)(i). Some courts may have local rules permitting *pro se* litigants to file electronically. However, this court's local rules make no such provision.

This court's local rules incorporate by reference the Administrative Policy Governing Electronic Filing and Service. D.N.D. Civ. L. 5.1(A). This policy in turn provides that a "*pro se* party may not register to use the [electronic case filing] system." Administrative Policy Governing Electronic Filing and Service at p. 1, https://www.ndd.uscourts.gov/ ecf/cm_ecf_policy.pdf. This means that Plaintiff is not permitted to file electronically in this district.

With respect to Plaintiff's assertions that electronic filing will promote efficiency and ensure the is able to timely file and otherwise communicate with the court and opposing counsel, the court make the following observations. First, any suggestion that Plaintiff will be unable to able to meet

3

deadlines if required to rely on the United States Postal Service to deliver documents to the Clerk's office for filing is at best speculative. Second, the cost of postage and reliance on the United States Postal Service do not appear to have impeded Plaintiff's ability to access the court. Third, Plaintiff has not provided any authority for the proposition that *pro se* litigants allowed to proceed *in forma pauperis* must be permitted to file electronically. Plaintiff's request for leave to file electronically via CM/ECF is therefore **DENIED**.

**IT IS SO ORDERED.**

Dated this 7th day of August, 2025.

*/s/ Clare R. Hochhalter*
Clare R. Hochhalter, Magistrate Judge
United States District Court