# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Michael James Meyhoff, | ) |
|       Plaintiff, | ) **ORDER** |
| v. | ) |
| City of Minot, Officer FNU Becker; Officer FNU LaBodda; Officer FNU Miller; John Does 1-5, | ) Case No.: 1:25-cv-00178 |
|       Defendants. | ) |

Plaintiff Michael James Meyhoff ("Plaintiff") has been granted leave to proceed *in forma pauperis* in the above-captioned matter. (Doc. No. 3). This matter is presently before the court for an initial review pursuant to 18 U.S.C. § 1915(e)(2).

## I. BACKGROUND

The following facts are taken from Plaintiff's Complaint. They are presumed true for purposes of this order.

Plaintiff initiated the above-captioned matter *pro se* and *in forma pauperis* by Complaint in July of 2025. (Doc. Nos. 1, 4). He is suing the City of Minot, Officer Becker, Officer LaBodda, Officer Miller, and John Joes 1-5 for violations of his constitutional rights arising under the Fourth, Sixth, and Fourteenth Amendments. (Doc. No. 4 at 1). Plaintiff is suing Officers Becker, LaBodda, and Miller in their individual and official capacities, and asserts the City of Minot is a municipal government responsible for oversight of its police department and is liable under *Monell*. (*Id.*).

Plaintiff alleges that on February 11, 2024, he was stopped and detained by Officers Becker and LaBodda of the Minot Police Department in connection to an alleged incident involving a firearm. (*Id.* at 2; Doc. No. 4-1 at 1). The officers conducted a search of Plaintiff's vehicle "without

a search warrant, judicial authorization, or exigent justification," and located a firearm. (Doc. No. 4-1 at 1).

As a result of the search Plaintiff was charged with the felony offense of Terrorizing. (*Id.*). Plaintiff alleges the firearm did not match the description provided by the complainant and no witness or forensic evidence connected him to an act of criminal intimidation or threat. (Doc. No. 4-2 at 1). However, prosecution continued for nearly two years, with officers and the prosecution failing to dismiss the charge or timely disclose exculpatory evidence. (*Id.*).

Plaintiff was acquitted of the Terrorizing charge by a jury on July 15, 2025, and argues he suffered "financial hardship, emotional distress, reputational harm, and loss of liberty as a direct result of Defendants' actions." (*Id.*; Doc. No. 4 at 2).

Plaintiff contends the action arises under 42 U.S.C. § 1983 and the United States Constitution and cites to 28 U.S.C. § 1331 and 28 U.S.C. § 1343 as basis for this court's jurisdiction. (Doc. No. 4 at 1). He seeks an award of compensatory damages, punitive damages, declaratory and injunctive relief, attorney's/legal fees under 42 U.S.C. § 1988, and any further relief the court deems proper. (*Id.* at 2).

## II. STANDARDS GOVERNING § 1915(e)(2) REVIEW

Under 28 U.S.C. § 1915(e)(2), notwithstanding any filing fee, "the court shall dismiss the case at any time if the court determines that … the action … (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Federal Rules of Civil Procedure 8(a)(2) requires a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief…." This requires that the complaint include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see*

*also Robinson v. Bridgeport Pub. Sch.*, No. *:16CV177, 2016 WL 3920167, at *3 (D. Neb. July 15, 2016) (requiring plaintiffs to set forth enough factual allegations for their claims to cross the line from conceivable to plausible). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 56 U.S. 662, 678 (2009). When applying the standard, the court must accept the plaintiff's factual allegations as true. *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (citing *Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009)). However, the court "is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions case in the form of factual allegations." *Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002). Pro se complaints must be liberally construed. *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). The court "will not supply additional facts, nor … construct a legal theory for plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

### III. DISCUSSION

Plaintiff alleges claims of unlawful search and seizure under the Fourth Amendment and 42 U.S.C. § 1983, and malicious prosecution under 42 U.S.C. § 1983 and state law.

#### A. Unlawful Search and Seizure

As to the unlawful search and seizure claim, the Fourth Amendment provides as follows:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. Const. amend. IV. Under the Fourth Amendment, searches conducted without a warrant are per se unreasonable, subject to exceptions. *Bondarenko v. City of Bridgeton*, No. 4:24-CV-00137, JSD, 2024 WL 2208215, at *2 (E.D. Mo. May 16, 2024). One such exception "permits the

warrantless search or seizure of a vehicle by officers possessing probable cause to do so." *Cronin v. Peterson*, 982 F.3d 1187, 1197 (8th Cir. 2020); *see also United States v. McGhee*, 944 F.3d 740, 742 (8th Cir. 2019) (explaining that the "automobile exception" allows "an officer to legally search a vehicle if he has probable cause"); *United States v. Grooms*, 602 F.3d 939, 942-43 (8th Cir. 2010) (explaining that one of the "well-delineated exceptions [to the Fourth Amendment] is the warrantless search of vehicles," which "authorizes a search of any area of the vehicle in which evidence might be found"). "Probable cause exists when, given the totality of the circumstances, a reasonable person could believe there is a fair probability that contraband or evidence of a crime would be found in a particular place." *United States v. Murillo-Salgado*, 854 F.3d 407, 418 (8th Cir. 2017) (quoting *United States v. Wells*, 347 F.3d 280, 287 (8th Cir. 2003)).

Plaintiff does not provide information as to why he was stopped. However, he does state that he "cooperated fully with officers during the encounter and was seated in a vehicle at the time of their approach." Even so, Plaintiff alleges officers of the Minot Police Department, namely Officers Becker and LaBodda, unlawfully searched his vehicle without a search warrant, judicial authorization, or exigent justification even though Plaintiff did not provide either written or voluntary verbal consent to a vehicle search, nor was he informed of his rights, and no Miranda warning was issued prior to questioning or to the search. Viewing this information in a light most favorable to Plaintiff, the Court finds there is a plausible claim for unlawful search and seizure under the Fourth Amendment against Officers Becker and LaBodda in their individual capacities.

As to the official capacity claims brought against Officers Becker and LaBodda, there is no plausible claim for relief. "In an official capacity claim against an individual, the claim is actually 'against the governmental entity itself.'" *Bondarenko*, 2024 WL 2208215, at *2 (quoting *White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017)). "A suit against a public employee in his

or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 536 (8th Cir. 1999). A party suing an individual in their official capacity must establish the municipality's liability for the conduct alleged. *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016). As discussed below, Plaintiff has not stated a plausible claim of liability against the City of Minot.

### B. Malicious Prosecution

42 U.S.C. § 1983 provides remedies for violations of rights expressly secured by federal statute or the Constitution. *Maine v. Thiboutot*, 448 U.S. 1, 4 (1980). Malicious prosecution by itself is not punishable under section 1983 because it does not allege constitutional injury. *Gunderson v. Schlueter*, 904 F.2d 407, 409 (8th Cir. 1990). As such, a malicious prosecution may form the basis of a section 1983 action only if the defendant's conduct also infringes on federal law or the Constitution. *Id.*

The court also notes there is a Fourth Amendment malicious prosecution claim under 42 U.S.C. § 1983. "A plaintiff must show that (1) the criminal proceeding was instituted without probable cause, (2) the defendant's motive in instituting the proceeding was malicious, and (3) the prosecution terminated in acquittal or discharge of the accused." *Klein v. Steinkamp*, 44 F.4th 1111, 1115 (8th Cir. 2022); *see Chiaverini v. City of Napoleon, Ohio*, 602 U.S. 556, 558 (2024) ("To succeed on such a claim, a plaintiff must show that a government official charged him without probable cause, leading to an unreasonable seizure of his person."). "To maintain that Fourth Amendment claim under § 1983, a Plaintiff … must demonstrate, among other things, that he obtained a *favorable termination* of the underlying criminal prosecution." *Thompson v. Clark*, 596 U.S. 36, 39 (2022) (emphasis in original). "To demonstrate favorable termination of a criminal

prosecution for purposes of the Fourth Amendment claim under § 1983 for malicious prosecution, a plaintiff need only show that his prosecution ended without conviction." *Id.*

Here. Plaintiff argues that "Plaintiff was prosecuted without probable cause and with malice; the case terminated in his favor." This Court has previously addressed a similar argument and *Thompson*'s applicability to it. Specifically,

> The Court has doubts as to *Thompson*'s applicability to this case. Plaintiffs allege she was prosecuted with malice and without probable cause for the crime. Doc. No. 1, ¶¶ 99-103. But *Thompson* resolved a dispute relating to "a Fourth Amendment claim under § 1983 for malicious prosecution, sometimes referred to as a claim for unreasonable seizure pursuant to legal process." 596 U.S. at 42. The issue was over the scope of the common law element of favorable termination of the underlying criminal proceeding. *Id.* The Supreme Court was careful to explain how narrow its decision was, stating, "[w]e express no view, however, on additional questions that may be relevant on remand, including whether Thompson was ever seized as a result of the alleged malicious prosecution, whether he was charged without probable cause, and whether respondent is entitled to qualified immunity." *Id.* at 49. Cervantes' challenge is to the prosecution itself, not to any seizure that resulted from the prosecution. *See* Doc. No. 1, ¶¶ 99-103. As such, it appears *Thompson* may not apply to this case.

*Cervantes v. Morton Cnty*, No. 1:22-CV-00211, 2024 WL 5500638, at *9 n. 5 (D.N.D. Mar. 1, 2024). As in *Cervantes*, here Plaintiff argues he was prosecuted with malice and without probable cause. Even if *Thompson* did create a claim for malicious prosecution independent of a claim for wrongful seizure without probable cause, Plaintiff has failed to state a cognizable claim. While Plaintiff's prosecution ended without conviction, he still needs to demonstrate the criminal proceeding was instituted without probable cause and the motive in instituting the proceeding was malicious. Conclusory statements are not enough for the Court to determine Plaintiff has met either of these prongs.

However, malicious prosecution may also form the basis of a section 1983 action if a defendant's conduct infringes on a federal law or the Constitution. Read liberally, Plaintiff's malicious prosecution claim *may* be taken to argue a procedural due process violation. "Procedural

6

due process prohibits state authorities from depriving a person of life, liberty, or property without conforming to constitutionally required procedures." *Gunderson v. Schlueter*, 904 F.2d 407, 409 (8th Cir. 1990). Plaintiff alleges in part that "[t]he officers and state prosecutors failed to dismiss the charge, refused to disclose exculpatory evidence promptly, and opposed all efforts to resolve the matter fairly or quickly." This statement is conclusory. There are no facts to support Plaintiff's assertion that evidence was not promptly disclosed and efforts to resolve the matter were opposed. Moreover, state prosecutors are not party to this suit and a mere reference to "officers" is not enough for the Court to distinguish to whom Plaintiff refers.

Plaintiff also argues malicious prosecution under state law. Plaintiff does not specify what law he is referring to nor does he cite any North Dakota law in his Complaint. The Court will not fill in the gaps or make a legal case for Plaintiff.

### C. The City of Minot

Plaintiff next asserts a *Monell* claim against the City of Minot. In *Monell v. Department of Social Services*, 436 U.S. 658 (1978), the Supreme Court held that a municipality cannot be held liable under 42 U.S.C. § 1983 for a constitutional violation committed by its employees unless the violation was caused by the enforcement of a municipal policy, practice, or decision of a final municipal policy maker. *Monell*, 436 U.S. 658, 691 (1978). "To establish municipal liability, a plaintiff must first show that one of the municipality's officers violated [his] federal right." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010) (citing *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (per curiam); *Sanders v. City of Minneapolis*, 474 F.3d 523, 527 (8th Cir. 2007)). "If that element is satisfied, then a plaintiff must establish the requisite degree of fault on the part of the municipality and a causal link between municipal policy and the alleged violation." *Id.* (citing *City of Canton v. Harris*, 489 U.S. 378, 388-92 (1989)). Put another way, to prevail on

a claim alleged against a municipality, a plaintiff must show that the constitutional violation resulted from (1) an official "policy," (2) an unofficial "custom," or (3) a deliberately indifferent failure to train or supervise. *Corwin v. City of Independence*, 829 F.3d 695, 699 (8th Cir. 2016). "Official policy involves 'a deliberate choice to follow a course of action ... made from among various alternatives' by an official who has the final authority to establish governmental policy." *Jane Doe A By & Through Jane Doe B v. Special Sch. Dist. of St. Louis Cty.*, 901 F.2d 642, 645 (8th Cir. 1990) (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)).

"Alternatively, a plaintiff may establish municipal liability through an unofficial custom of the municipality by demonstrating '(1) the existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees; (2) deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and (3) that plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation.'" *Malone v. Hinman*, 847 F.3d 949, 955 (8th Cir. 2017) (quoting *Corwin*, 829 F.3d at 699-700). A municipal liability claim based on a theory of inadequate training or supervision is simply an extension of a claim based on a "policy" or "custom" theory of municipal liability. *Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018).

Omitting the alleged conduct of Officers Becker and LaBodda, there are no facts in the Complaint that may reasonably infer the City of Minot may be liable. "At a minimum, a complaint must allege facts which would support the existence of an unconstitutional policy or custom." *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 591 (8th Cir. 2004) (quoting *Doe ex rel. Doe v. Sch. Dist. of City of Norfolk*, 340 F.3d 605, 614 (8th Cir. 2003)). The only mention of the City of Minot in the Complaint is that "Defendant City of Minot is a municipal government

responsible for oversight of its police department and liable under Monell." There is no other reference to the City of Minot beyond general reference to the Minot Police Department. There are no other facts alleged which would support existence of an unconstitutional policy or custom. This limited information is not enough to state a plausible claim for relief.

### D. Officer Miller

Turning to Officer Miller, there is no reference to him beyond Plaintiff identifying him as a party subject to suit in his individual and official capacity. There are not enough facts available to state a claim for relief. As previously noted, the court "will not supply additional facts, nor … construct a legal theory for plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989). Just naming a party is not enough, there must be a short and plain statement explaining why Plaintiff is entitled to relief.

### E. Sixth and Fourteenth Amendments

While Plaintiff makes reference in his complaint to the Sixth and Fourteenth Amendment, alleging Defendants violated these rights, he does not provide any information beyond this assertion. As previously noted, the Court will not construct legal theories for Plaintiff and has the authority to ignore any unsupported legal conclusions. Plaintiff has not stated a plausible claim for relief as to the Sixth or Fourteenth Amendments.

## IV. CONCLUSION

The court finds that Plaintiff has asserted a cognizable unlawful search and seizure claim against Officers Becker and LaBodda in their individual capacities. Plaintiff has failed to assert a cognizable malicious prosecution claim, Sixth Amendment and Fourteenth Amendment claims, or cognizable claims against Officers Becker and LaBodda in their official capacities, against the City of Minot, and against Officer Miller in his official and individual capacities. Plaintiff shall have

until September 10, 2025, to either show case why the court should not dismiss the failed claims or file an Amended Complaint addressing the pleading deficiencies. Plaintiff shall restate all of his claims in an Amended Complaint, addressing the deficiencies described above. Any claim not restated shall be deemed abandoned. Any Amended Complaint filed shall be subject to screening pursuant to 28 U.S.C. § 1915(e)(2). Failure to timely respond to this order as directed will result in dismissal of all claims except the unlawful search and seizure claim against Officers Becker and LaBodda in their individual capacities.

**IT IS SO ORDERED.**

Dated this 11th day of August, 2025.

                                             */s/ Clare R. Hochhalter*
                                             Clare R. Hochhalter, Magistrate Judge
                                             United States District Court